USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/2023

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW BROWN,

        Plaintiff,

-against-

PROVE IDENTITY, INC.
and RODGER DESAI,

        Defendants.

---

Civil Action No.
1:22-cv-09315-AT

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties to the above-captioned action (the "Action") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, and/or otherwise sensitive non-public information ("Confidential Information").

   a. A document may be designated as "CONFIDENTIAL" if it contains information that is not readily available to the general public, and that is (i) sensitive and could cause competitive harm if disclosed to an unauthorized person; (ii) personal identity information; (iii) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; and/or (iv) personnel or employment records of a person.

   b. A document may be designated as "HIGHLY CONFIDENTIAL" if it contains (i) non-public financial, and/or other commercially-sensitive information (*e.g.*, pricing, customer lists, business and/or marketing plans or analysis, and the like) and/or trade secrets; (ii) is subject to an express obligation of confidentiality owed by the producing party to a third-party; or (iii) implicates the privacy interests of any individual.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the Action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The receiving party and counsel, including in-house and outside counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. The parties' insurers and reinsurers;

    e. Any other person agreed to in writing; and

    f. The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Documents designated as "HIGHLY CONFIDENTIAL" shall not be disclosed to any person, except:

    a. One principal of the receiving party;

    b. The requesting party's in-house counsel;

    c. Counsel of record for the receiving party;

    d. Employees of such counsel of record assigned to and necessary to assist in the litigation;

    e. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel of record;

    f. The parties' insurers and reinsurers;

    g. Any other person agreed to in writing; and

    h. The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so

designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Prior to disclosing or displaying Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information of documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this Action and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen-day period, the deposition shall be classified appropriately.

9. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

10. Pursuant to Federal Rule of Evidence 502, the production of attorney-client privileged or work product protected documents, communications, or electronically stored information ("ESI"), whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or ESI (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13. Within sixty (60) days after the final termination of this Action by settlement or exhaustion of all appeals, all Confidential Information produced or designated herein and all reproductions thereof, shall be returned to the producing party or shall be destroyed. In the event that any party in receipt of Confidential Information chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this Action that it has undertaken its best efforts to destroy such

physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product and a copy of all pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits.

SO STIPULATED AND AGREED:

Dated: April 7, 2023

FREEDMAN NORMAND FRIEDLAND LLP

By: /s/ Edward Normand
    Edward Normand
    99 Park Ave., Suite 1910
    New York, New York 10016
    Tel: (646) 350-0527
    E-mail: tnormand@fnf.law

*Counsel for Plaintiff Matthew Brown*

COLE SCHOTZ P.C.

By: /s/ Steven L. Klepper
    Steven L. Klepper
    Courtney G. Hindin
    1325 Avenue of the Americas, 19th Floor
    New York, New York 10019
    Telephone: (212) 752-8000
    Facsimile: (212) 752-8393
    E-mail: sklepper@coleschotz.com
    E-mail: chindin@colechotz.com

*Counsel for Defendants Prove Identity, Inc. and Rodger Desai*

SO ORDERED.

Dated: April 11, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge